UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHELLE LOCKHART and<br>ERIKA SHICK,<br><br>                Plaintiffs,<br><br>                v.<br><br>EXAM*ONE* WORLD WIDE, INC.,<br>QUEST DIAGNOSTICS, d/b/a LabOne, Inc.,<br>AMERICAN MEDICAL REVIEW, INC., d/b/a<br>ExamOne Indianapolis, ALLISON PRICE,<br>ESTATE OF STEPHEN AMMERMAN, and THE<br>WESTERN AND SOUTHERN LIFE<br>INSURANCE COMPANY,<br><br>                Defendants. | 2:11-cv-37-JMS-WGH |

**ENTRY ON PLAINTIFFS' MOTION FOR AN ORDER
COMPELLING DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion for an Order Compelling Discovery, filed December 5, 2011. (Docket Nos. 68-70). Defendant Western and Southern Life Insurance Company filed its Memorandum in Opposition to Plaintiffs' Motion to Compel on December 22, 2011. (Docket No. 83). Plaintiffs' Reply was filed on December 30, 2011. (Docket No. 84). Defendant filed a Notice of Filing of Deposition Excerpts on January 9, 2012. (Docket No. 86). Plaintiffs filed a Notice of Filing Deposition Excerpts on January 10, 2012. (Docket No. 87).

**I. Background and Procedural History**

This lawsuit is in response to the decision by the Western and Southern Life Insurance Company ("Western and Southern") to engage in direct observation workplace drug testing. Plaintiffs allege that on September 27, 2010, Western and Southern conducted unannounced, observed drug testing of all employees at the Vincennes, Indiana office. This was in response to allegations that employees in that office were using drugs and selling urine to avoid detection during random drug testing. (Deposition of Tarah Corlett ("Corlett Dep.") at 30).

Western and Southern dispatched a manger from the Human Resources department, Tarah Corlett ("Corlett"), to help oversee the testing. (*Id.* at 61-62). Carolyn Saenz ("Saenz"), a paralegal for Western and Southern, accompanied Corlett. (*Id.* at 63). Saenz conducted interviews of the Vincennes office employees. (Deposition of Sara Murphy ("Murphy Dep.") at 21-23; Corlett Dep. at 63). She also is alleged to have conducted two telephone interviews of Western and Southern clerical employees. (Murphy Dep. at 46).

Plaintiffs filed this motion to compel seeking the disclosure of the information that Saenz obtained during these interviews. Western and Southern objects to the disclosure of this information, arguing that it is protected by the attorney-client privilege as well as the attorney work product doctrine. Having read the arguments of the parties and the relevant legal authorities, the

Magistrate Judge concludes that Plaintiffs' Motion for an Order Compelling Discovery must be **GRANTED.**

**II. Discussion**

**A. Attorney-Client Privilege**

The attorney-client privilege protects communications between a client, even one that is a corporation, and its lawyer. *See U.S. v. Louisville & Nashville R. Co.*, 236 U.S. 318, 336, 35 S.Ct. 363, 59 L.Ed. 598 (1915). However, communications between a corporate attorney and any of the corporation's employees is protected by the attorney-client privilege only when the communications to the attorney are for the purpose of providing legal advice to the corporation. *Upjohn Co. v. U.S.*, 449 U.S. 383, 394-99, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The privilege only protects disclosure of communications; it does not protect disclosure of any underlying facts. *Id.* at 396.

The Seventh Circuit has embraced the following test for determining if the attorney-client privilege applies to a particular communication:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)(quoting 8 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2292(John T. McNaughton rev.

1961)). The party wishing to invoke the privilege has the burden of proving all of these essential elements. *Evans*, 113 F.3d at 1461. Furthermore, because the attorney-client privilege is in derogation of the search for the truth, it must be construed narrowly. *Id.* Hence, only communications involving legal advice are privileged; "communications made by and to a corporate in-house counsel with respect to business matters, management decisions, or business advice are not protected by the privilege." *Welch v. Eli Lilly & Co.*, 2009 WL 700199 at *12 (S.D. Ind. 2009). A corporation cannot simply hire an attorney to perform non-legal work in order to protect that work via the attorney-client privilege. *Burden-Meeks v. Welch*, 319 F.3d 897, 898 (7th Cir. 2003)("Hiring lawyers to do consultants' work does not bring a privilege into play.").

In this case, the interviews performed by Saenz – who was a paralegal and not an attorney – were information gathering procedures surrounding personnel matters; they were intended to help aid Western and Southern in determining whether its drug-testing procedures were being thwarted by employees in its Vincennes office. Just as the attorneys who were hired to do consultants' work in *Burden-Meeks* were not protected by the attorney-client privilege, a company such as Western and Southern cannot simply dispatch a paralegal to perform personnel matters and expect that the paralegal's interviews will be protected by the attorney-client privilege. The communications between Saenz and the

-4-

Vincennes office employees are, therefore, not protected by the attorney-client privilege.[1]  Furthermore, any notes or memoranda documenting Saenz's interviews are not protected by the attorney-client privilege.

### B. Attorney Work Product

While the attorney-client privilege does not protect the documents created by Saenz concerning her investigation, these documents could still be protected by the attorney work product doctrine.  Western and Southern asserts that the documents Saenz created as a result of her interviews with Western and Southern employees in the Vincennes office are such attorney work product.

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of "work product."  It protects from disclosure:  (1) documents and other tangible things; (2) produced in anticipation of litigation or for trial; (3) by or for another party or its representative.  FED. R. CIV. P. 26(b)(3).  "The threshold determination is whether the documents sought to be protected were prepared in anticipation of litigation or for trial."  *U.S. v. Cinergy Corp.,* 2008 WL 5424007, at *1 (S.D. Ind. 2008)(internal citations and quotations omitted).  The Seventh Circuit has explained that "[t]he mere fact that litigation does eventually ensue does not, by

---

[1] As *Upjohn* indicates, any underlying facts surrounding the communications would not be protected by the attorney-client privilege, even if the actual communications were protected.  Consequently, Saenz would be compelled to answer questions regarding underlying facts such as who she interviewed and what type of investigation she conducted, even if the communications themselves were protected.

itself, cloak material . . . with the work product privilege; the privilege is not that broad." *Binks Mfg. Co. v. National Presto Industries, Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983). Consequently, we must ask "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* at 1118-19. A distinction must be made between precautionary documents created in the normal course of business for the remote prospect of litigation and those documents which are prepared because an articulable claim, likely to lead to litigation, has arisen. *Sandra T.E. v. South Berwyn School Dist. 100,* 600 F.3d 612, 622 (7th Cir. 2010). It is the burden of the party seeking to oppose production of the documents to demonstrate that the work product privilege shields the documents at issue from discovery. *See Cummins, Inc. v. Ace American Ins. Co.,* 2011 WL 1655916, at *5 (S.D. Ind. May 2, 2011).

Here, Western and Southern has failed to carry its burden of demonstrating that the documents created by Saenz were in anticipation of litigation. As discussed above, Saenz's investigation into drug use at the Vincennes office was a personnel matter. Saenz was attempting to obtain evidence in order to aid Western and Southern in making business or management decisions about how to deal with the alleged drug use. Saenz's notes and memorandum cannot be characterized as being created in

anticipation of any specific articulable threat of litigation. Consequently, the attorney work product doctrine does not apply to these documents.[2]

## III. Conclusion

For the reasons outlined above, Plaintiffs' Motion for an Order Compelling Discovery is **GRANTED.** Defendants are **ORDERED** to provide all documents that were withheld within fifteen (15) days of the date of this Order. Defendants are also **ORDERED** to promptly make available Saenz for a new deposition in order to respond to the questions that she was previously instructed not to answer.

**SO ORDERED.**

**Dated:** January 25, 2012

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

---

[2] Western and Southern also objected to the disclosure of any communications between Saenz and Quest Diagnostics ("Quest"), which is allegedly the company that Western and Southern used to perform drug testing of its employees. However, there has been no showing that there was an attorney-client relationship between Quest and Saenz or the attorneys that Saenz worked for. Therefore, the attorney-client privilege would not attach to these communications. To the extent that Western and Southern asserts that Saenz's interaction with Quest is protected by the attorney work product privilege because it would reveal her mental impressions, the Magistrate Judge has concluded that Saenz's investigation was not in anticipation of litigation. Therefore, the documents that she received from Quest or created after her conversations with Quest are not attorney work product.

**Copies to:**

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

D. Faye Caldwell
CALDWELL EVERSON PLLC
fcaldwell@caldwellclinton.com

Douglas A. Enloe
GOSNELL BORDEN ENLOE & SLOSS, LTD
gbes@gbeslaw.com

Derek W. McCullough
GOSNELL, BORDEN ENLOE, SLOSS, & MCCULLOUGH, LTD.
gbes@gbeslaw.com

Richard L. Moore
FROST BROWN TODD LLC
rlmoore@fbtlaw.com

Kyle T. Ring
WILLIAMS LAW FIRM
kyle@williamsinjurylaw.com

Sharon L. Stanzione
JOHNSON & BELL, LTD.
stanziones@jbltd.com

Stephen L. Williams
WILLIAMS LAW FIRM
steve@williamsinjurylaw.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com