UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHELLE LOCKHART, *et al.*, <br>    *Plaintiffs*, <br><br>   *vs.* <br><br> EXAMONE WORLD WIDE, INC., *et al.*, <br>    *Defendants*, <br> _____ <br><br> WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, <br>    *Crossclaim-Plaintiff*, <br><br>   *vs.* <br><br> EXAMONE WORLD WIDE, INC., *et al.*, <br>    *Crossclaim-Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    2:11-cv-037-JMS-WGH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING MOTION TO DISMISS CROSSCLAIM**

Presently pending before the Court is Defendants ExamOne World Wide, Inc.; American Medial Review, Inc.; Estate of Stephen Ammerman; LabOne, Inc.; Alison Price; and Quest Diagnostics' (collectively, the "ExamOne Defendants") Motion to Dismiss Defendant Western & Southern Life Insurance Company's ("Western & Southern") crossclaims for indemnification and contribution. [Dkt. 92.] For the following reasons, the Court grants the ExamOne Defendants' motion and dismisses Western & Southern's crossclaims.

**I.**
**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). In reviewing

the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S.Ct. at 1951). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal*, 129 S.Ct. at 1950).

## II.
### BACKGROUND

In September 2010, Plaintiff Michelle Lockhart[1] was a sales representative and licensed insurance agent for Western & Southern in Vincennes, Indiana. [Dkt. 54 at 2.] She alleges that Western & Southern had the ExamOne Defendants[2] conduct "observed collections" of urine specimens of Western & Southern's employees for drug testing purposes. [*Id.* at 2.] Specifically, Ms. Lockhart contends that she arrived at work on September 27, 2010, and was informed that she would be drug tested. [*Id.* at 3.] After answering various questions about potential drug use, Ms. Lockhart alleges that she was confined in a bathroom and ordered to lift the clothing on

---

[1] As Western & Southern points out, Plaintiff Erika Shick did not assert any claims for which Western & Southern seeks indemnity or contribution from the ExamOne Defendants. [Dkt. 97 at 3 n.1.] Therefore, the Court will only address the relevant facts that pertain to Ms. Lockhart.

[2] Although each of the ExamOne Defendants is legally distinct, they do not distinguish between themselves for purposes of this motion, [dkt. 93 at 2 n.1], so the Court will not either.

the upper part of her body and lower her pants and underwear. [*Id.*] Ms. Lockhart contends that she was directed to bend over and expose the private parts of her body to be inspected. [*Id*. at 3-4.] Ms. Lockhart further alleges that she was watched while she urinated into a cup, wiped herself, and pulled her underwear and pants back up. [*Id.* at 4.] Ms. Lockhart alleges that as a result of this experience, she was embarrassed, humiliated, and has suffered severe mental and emotional trauma. [*Id.* at 5.]

Ms. Lockhart filed suit in February 2011 and filed the operative complaint in November 2011. [Dkts. 1; 54.] In relevant part, Ms. Lockhart alleges that Western & Southern "had no lawful basis to cause [her] to be subjected to the 'observed collection'" and that Western & Southern's actions were extreme, outrageous, intentional, reckless, and negligent. [Dkt. 54 at 20.] In response to Ms. Lockhart's Second Amended Complaint, Western & Southern filed a crossclaim against the ExamOne Defendants for indemnification and contribution. [Dkt. 85 at 10-12.] In its crossclaim, Western & Southern alleges that the ExamOne Defendants "agreed and contracted to perform certain services for Western & Southern within the bounds of the law and under the applicable standard of care." [*Id.* at 11.] Western & Southern further contends that if it is liable to Ms. Lockhart for damages, "it will be solely due to the actions and conduct of the [ExamOne Defendants]." [*Id.*] Therefore, to the extent that Western & Southern is held liable, it alleges that it is entitled to indemnity and contribution from the ExamOne Defendants. [*Id.* at 11-12.]

### III.
#### DISCUSSION

The ExamOne Defendants argue that Western & Southern's crossclaims for indemnity and contribution should be dismissed because they fail as a matter of law. The Court will address each claim in turn.

### A. Applicable Law

As a federal court sitting in diversity, the Court will apply state substantive law and federal procedural law. *Ritchie v. Glidden Co.*, 242 F.3d 713, 720 (7th Cir. 2001). This Court will not expand the scope of state law beyond its current bounds. *See Estate of Moreland v. Dieter*, 576 F.3d 691, 700 (7th Cir. 2009) ("[T]hose who seek novel applications of state law would be better advised to bring their claims in the state courts.").

### B. Indemnification Crossclaim

The ExamOne Defendants argue that no basis for contractual indemnity exists and that Western & Southern has failed to plead or establish the type of relationship necessary for common law indemnity. [Dkt. 93 at 4-6.] In its response, Western & Southern concedes that it does not have a contractual right to indemnification from the ExamOne Defendants, [dkt. 97 at 3], but argues that the factual allegations of its crossclaim support a common law indemnification claim under Indiana law.

Indiana law provides that in the absence of an express contractual or statutory right to indemnity, a party may only bring an action for indemnification if he is without fault. *Indianapolis-Marion County Pub. Library v. Charlier Clark & Linard, PC*, 929 N.E.2d 838, 848 (Ind. Ct. App. 2010), *trans. denied*, 940 N.E.2d 831 (Ind. 2010). A common law right to indemnity may by implied "only in favor of one whose liability to another is solely derivative or constructive and only against one whose wrongful act has caused such liability to be imposed." *Id.* "Derivative liability arises pursuant to either an employer/employee relationship (*respondeat superior*) or a manufacturer/seller relationship. *Id.* at 849 n.1 (citing *McClish v. Niagara Mach. & Tool Works*, 266 F. Supp. 987, 989-90 (S.D. Ind. 1967)). Constructive liability arises when a statute or rule of law imposes a non-delegable duty on a party, rendering it liable when it is otherwise

without fault.  *IMCPL*, 929 N.E.2d at 849 n.1; *see also Chubb Group of Ins. Cos. v. Buddy Gregg Motor Homes, Inc.*, 2001 U.S. Dist. LEXIS 5040 at *5 (S.D. Ind. 2001) ("[C]onstructive liability may occur only when a statute or rule triggers a party's liability solely by the independent wrongful acts of another party.") (collecting Indiana cases).  It is well-established under Indiana law that generally an employer is not liable for the negligence of an independent contractor.  *Armstrong v. Cerestar USA, Inc.*, 775 N.E.2d 360, 369 (Ind. Ct. App. 2002).

Western & Southern argues that it is entitled to indemnity from the ExamOne Defendants on Ms. Lockhart's claim because the ExamOne Defendants "both agreed and contracted to perform certain services for Western & Southern within the bounds of the law and under the applicable standard of care."  [Dkt. 85 at 11.]  Western & Southern's crossclaim focuses exclusively on its contractual relationship with the ExamOne Defendants and fails to allege any other type of relationship or circumstances necessary to support a derivative common law indemnity claim.[3]  [*Id.*]  As the Court has already noted, however, Western & Southern conceded during briefing that it does not have a contractual indemnity right with the ExamOne Defendants.  [Dkt. 97 at 3.]  Moreover, in opposition to the ExamOne Defendants' motion, Western & Southern relies exclusively on its general denial of liability and does not develop any argument or cite case law that its relationship with the ExamOne Defendants was the type that supports a derivative common law indemnity claim.

---

[3] Western & Southern's failure to allege the type of relationship or circumstances necessary to support a common law indemnity claim may have been strategic because allegations of that nature would have bound Western & Southern and likely constituted an admission that it was legally responsible for the ExamOne Defendants' conduct.  *See Soo Line R.R. & St. Louis S.W. Ry.*, 125 F.3d 481, 483 (7th Cir. 1997) (noting the "well-settled rule that a party is bound by what it states in its pleadings).  Western & Southern's affirmative defense that the plaintiffs' damages were caused by parties over whose conduct Western & Southern "had no control [or] right to control," [dkt. 85 at 10], further supports this inference.

As for constructive liability, as detailed above, a statute or rule of law must impose a non-delegable duty on the party, rendering it liable when it is otherwise without fault. Western & Southern again relies on its general denial of liability and argues that it had a non-delegable duty to provide its employees with a reasonably safe workplace. [Dkt. 97 at 4.] While this may be true as a general matter, it is well-settled under Indiana law that an employer is generally not liable for the acts of an independent contractor. *Armstrong*, 775 N.E.2d at 371. Although the employer can assume a duty by contract, the unambiguous language of the contract must impose such a duty. *Id.* Western & Southern does not point to any language in its contract with the ExamOne Defendants that imposes such a duty because such language does not exist, as evidenced by Western & Southern's concession that the contractual duty was "implied." [Dkt. 97 at 1, 6.] For these reasons, Western & Southern has failed to show that a statute or rule of law imposed a non-delegable duty on it, rendering it liable when it is otherwise without fault.

Even construed in a light most favorable to Western & Southern, its allegations do not support a common law claim for indemnification. Therefore, the Court grants the ExamOne Defendants' motion to dismiss Western & Southern's indemnity crossclaim.

### C. Contribution Crossclaim

The ExamOne Defendants argue that Western & Southern's contribution crossclaim must be dismissed because Indiana law does not permit contribution among joint tortfeasors. [Dkt. 93 at 6-7.] In response, Western & Southern emphasizes that its contribution crossclaim is based on an implied contractual duty it had with the ExamOne Defendants to perform certain services in a diligent manner. [Dkt. 97 at 5-6.] Therefore, Western & Southern contends that its action sounds in contract and it can seek contribution from the ExamOne Defendants. [*Id.*]

In relevant part, the Indiana Comparative Fault Act governs "any action based on fault that is brought to recover damages for injury or death to a person or harm to property." Ind. Code § 34-51-2-1. "Fault" includes "any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others." Ind. Code § 34-6-2-45 (referencing I.C. § 34-51-2 as a covered chapter). The Indiana Comparative Fault Act specifically provides that "there is no right of contribution among tortfeasors." Ind. Code § 34-51-2-12. The Court must analyze the underlying claim for which the cross-claimant seeks contribution to determine whether it is fault-based. *See Elanco Animal Health v. Archer Daniels Midland Co. Animal Health & Nutrition Div.*, 2008 U.S. Dist. LEXIS 70709 at *7-8 (S.D. Ind. 2008) (analyzing whether plaintiff's claim was fault based to determine whether the Indiana Comparative Fault Act prohibited the crossclaimant's contribution claim).

Western & Southern focuses exclusively on what it believes to be the contractual nature of its crossclaim against the ExamOne Defendants and ignores the undisputedly tortious nature of Ms. Lockhart's claim against it, which is the claim for which it seeks contribution. Again, Ms. Lockhart alleges, in relevant part, that Western & Southern is liable to her because it "had no lawful basis to cause [her] to be subjected to the 'observed collection'" and that its actions were extreme, outrageous, intentional, reckless, and negligent. [Dkt. 54 at 20.] Ms. Lockhart's allegations against Western & Southern are clearly fault-based under the Indiana Comparative Fault Act, I.C. § 34-6-2-45, which Western & Southern does not deny. Therefore, Western & Southern's contribution crossclaim against the ExamOne Defendants is barred as a matter of law. I.C. § 34-51-2-12.

## IV.
### CONCLUSION

Western & Southern has not directed the Court to any contractual provision between it and the ExamOne Defendants that provides for its indemnification and has failed to allege or support a common law claim for indemnification. Further, Ms. Lockhart has sued Western & Southern and the ExamOne Defendants under various tort theories. Indiana's Comparative Fault Act will govern the proceedings, and if either party is found at fault, that fault will be apportioned and is not subject to contribution. For the reasons stated herein, the Court **GRANTS** the ExamOne Defendants' Motion to Dismiss Western & Southern's crossclaims. [Dkt. 92.] Accordingly, Western & Southern's crossclaims for indemnity and contribution against the ExamOne Defendants are hereby **DISMISSED WITH PREJUDICE**.

08/09/2012

                                                  Hon. Jane Magnus-Stinson, Judge
                                                  United States District Court
                                                  Southern District of Indiana

**Distribution via ECF only:**

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

D. Faye Caldwell
CALDWELL EVERSON PLLC
fcaldwell@caldwellclinton.com

Douglas A. Enloe
GOSNELL BORDEN ENLOE & SLOSS, LTD
gbes@gbeslaw.com

Derek W. McCullough
GOSNELL, BORDEN ENLOE, SLOSS, & MCCULLOUGH, LTD.

gbes@gbeslaw.com

Richard L. Moore
FROST BROWN TODD LLC
rlmoore@fbtlaw.com

Kyle T. Ring
WILLIAMS LAW FIRM
kyle@williamsinjurylaw.com

Sharon L. Stanzione
JOHNSON & BELL, LTD.
stanziones@jbltd.com

Stephen L. Williams
WILLIAMS LAW FIRM
steve@williamsinjurylaw.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com