UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHELLE LOCKHART & ERIKA SHICK,  ) | |
|     *Plaintiffs*, ) | |
| ) | |
|     *vs.* ) | 2:11-cv-0037-JMS-WGH |
| ) | |
| EXAMONE WORLD WIDE, INC., *et al.*, ) | |
|     *Defendants.* ) | |

## ORDER OF CERTIFICATION

This case stems from an observed drug test that Defendant The Western & Southern Life Insurance Company ("Western & Southern"), a private employer, ordered be conducted on its employees, including Plaintiffs Michelle Lockhart and Erika Shick. Defendant Allison Price, an independent contractor, performed the observed drug test on Ms. Lockhart and Ms. Shick.

The Court must accept as true various facts that, though not conclusively established as true, are supported by admissible evidence and accepted as true for purposes of ruling on the pending motions, including: 1) that Ms. Price asked Plaintiffs to raise their shirts and lower their pants and underwear so that she could visually inspect them; 2) that Mr. Price asked Plaintiffs to turn around and bend over with their pants and underwear lowered so that she could visually inspect them; and 3) that Ms. Price touched Plaintiffs' vests during the observed collection process and that Plaintiffs could feel her touch them.

After ruling on the Defendants' motions for summary judgment in a separate entry issued this day, the Court determines that several issues of unsettled state law will control the disposition of Plaintiffs' remaining claims for negligent infliction of emotional distress and invasion of privacy by intrusion upon seclusion. Accordingly, and for the reasons stated in that entry, the

Court hereby certifies the following questions to the Indiana Supreme Court pursuant to Indiana Rule of Appellate Procedure 64:

1. Does a private employer owe a duty of care to an at-will employee in the context of workplace drug testing? If so, what is the nature of any duty owed?

2. Does a tester who is an independent contractor of a private employer owe a duty of care to a testee in conducting a drug test? If so, what is the nature of any duty owed?

3. Does Indiana recognize the tort of invasion of privacy by intrusion upon seclusion and, if so, could an observed urinalysis drug test conducted at the direction of a private employer on an at-will employee form the basis of that action?

The Clerk is directed to forward this Order of Certification to the Clerk of the Indiana Supreme Court, along with a copy of each of the following: 1) the docket sheet for this case, including the names of the parties and their counsel; 2) Plaintiffs' Second Amended Complaint, [dkt. 54]; 3) the remaining defendants' answers to the Second Amended Complaint, [dkts. 78; 85]; 4) the Court's entry of summary judgment against Western & Southern on its indemnification and contribution crossclaims, [dkt. 142]; and 5) the Court's entry on the parties' motions for summary judgment also issued this day, [dkt. 143].

10/17/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

D. Faye Caldwell
CALDWELL EVERSON PLLC
fcaldwell@caldwellclinton.com

Douglas A. Enloe
GOSNELL BORDEN ENLOE & SLOSS, LTD
gbes@gbeslaw.com

Derek W. McCullough
GOSNELL, BORDEN ENLOE, SLOSS, & MCCULLOUGH, LTD.
gbes@gbeslaw.com

Richard L. Moore
FROST BROWN TODD LLC
rlmoore@fbtlaw.com

Kyle T. Ring
WILLIAMS LAW FIRM
kyle@williamsinjurylaw.com

Sharon L. Stanzione
JOHNSON & BELL, LTD.
stanziones@jbltd.com

Stephen L. Williams
WILLIAMS LAW FIRM
steve@williamsinjurylaw.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com