UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHELLE LOCKHART & ERIKA SHICK,  )<br>    *Plaintiffs*,                              )<br>                                          )<br>    *vs*.                                          )<br>                                          )<br>THE WESTERN & SOUTHERN LIFE INSURANCE  )<br>CO., *et al.*,                                )<br>    *Defendants*.                         ) | 2:11-cv-0037-JMS-WGH |

## **ORDER ON MOTION FOR RECONSIDERATION**

Presently pending before the Court is Defendant The Western & Southern Life Insurance Company's ("Western & Southern") Motion for Reconsideration. [Dkt. 145.] Plaintiffs Michelle Lockhart and Erika Shick oppose Western & Southern's motion. [Dkt. 149.] Defendant Allison Price filed a response challenging one of Western & Southern's arguments and proposing an alternative wording for the second certified question. [Dkt. 150.]

### I.
### BACKGROUND

This case stems from an observed urinalysis drug test that Western & Southern, a private employer, ordered be conducted on its employees, including Ms. Lockhart and Ms. Shick. Ms. Price, an independent contractor, performed the observed drug test on Ms. Lockhart and Ms. Shick.

In ruling on summary judgment, the Court had to accept as true various facts that though not conclusively established, were supported by admissible evidence at that stage of the proceedings, including: 1) that Ms. Price asked Plaintiffs to raise their shirts and lower their pants and underwear so that she could visually inspect them; 2) that Ms. Price asked Plaintiffs to turn around and bend over with their pants and underwear lowered so that she could visually inspect

them; and 3) that Ms. Price touched Plaintiffs' vests during the observed collection process and that Plaintiffs could feel her touch them. The Court determined that several issues of unsettled Indiana state law control the disposition of Plaintiffs' claims for negligent infliction of emotional distress and invasion of privacy by intrusion upon seclusion. [Dkt. 143.] Accordingly, the Court certified three questions to the Indiana Supreme Court pursuant to Indiana Rule of Appellate Procedure 64:

1. Does a private employer owe a duty of care to an at-will employee in the context of workplace drug testing? If so, what is the nature of any duty owed?

2. Does a tester who is an independent contractor of a private employer owe a duty of care to a testee in conducting a drug test? If so, what is the nature of any duty owed?

3. Does Indiana recognize the tort of invasion of privacy by intrusion upon seclusion and, if so, could an observed urinalysis drug test conducted at the direction of a private employer on an at-will employee form the basis of that action?

[Dkts. 143; 144.]

Western & Southern asks the Court to reconsider "dicta" from the opinion that it contends inserted an issue of vicarious liability into the case that Ms. Lockhart has not pled. [Dkt. 146 at 1, 5.] It also proposes that the certified questions be reworded to "limit the issues presented to the facts of this case and to define who is the responsible party." [Dkts. 146; 151 at 7.]

## II.
## STANDARD OF REVIEW[1]

A district court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer County Redevelopment Comm'n v. AK Steel*

---

[1] In response to Western & Southern's motion, Plaintiffs incorrectly rely on the standard of review for altering or amended a judgment under Federal Rule of Civil Procedure 59(e). [Dkt. 149 at 1-2.] Because the Court's summary judgment order did not dispose of all claims as to all parties, it is an interlocutory order reviewed under Rule 54(b).

*Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011); *see* Fed. R. Civ. Pro. 54(b) (providing that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). A motion to reconsider is appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## III.
### DISCUSSION

Western & Southern asks the Court to reconsider "dicta" from the Court's summary judgment opinion that Western & Southern contends inserted an issue of vicarious liability into the case that Ms. Lockhart has not pled. [Dkt. 146 at 1, 5.] It also proposes that questions the Court certified to the Indiana Supreme Court be reworded. [*Id.* at 10-11; dkt. 151 at 8-10.]

### A.  Vicarious Liability

Before addressing what Western & Southern argues, it is important to note what it does not. Western & Southern does not ask the Court to reconsider its decision denying summary judgment in favor of Western & Southern on Ms. Lockhart's negligent infliction of emotional

distress and invasion of privacy by intrusion upon seclusion claims. Likewise, Western & Southern does not argue that the Court misapprehended the parties' arguments or the case law at issue, or that the questions the Court certified to the Indiana Supreme Court have answers that can be found in Indiana law. Instead, Western & Southern asks the Court to reconsider language from the opinion noting that Western & Southern did not argue that Ms. Price was an independent contractor. [Dkt. 146 at 5 (citing dkt. 143 at 17-18).] Western & Southern contends that through this language, "the Court has potentially added a claim to this case that was not previously present." [Dkt. 146 at 7.]

Contrary to Western & Southern's position, the Court did not add a potential vicarious liability claim for Ms. Lockhart. Instead, through the language at issue, the Court correctly recognized what Western & Southern concedes in its motion—that any vicarious liability between Ms. Price and Western & Southern was not at issue on summary judgment. The language in the Court's opinion with which Western & Southern takes issue did not rule on the issue or conclude that it has been waived. Instead, the Court simply recognized that unlike the other defendants, Western & Southern had not argued that it was free from vicarious liability for Ms. Price's actions and, thus, was not entitled to summary judgment in light of the Court's conclusion that Ms. Price was an independent contractor.

Even now, Western & Southern does not dispute that it could still be liable for Ms. Price's actions as an independent contractor if she was also Western & Southern's agent. [Dkt. 151 at 4 n.1.] In other words, it is not axiomatic that Western & Southern is relieved from all liability for the observed drug testing it ordered to be conducted on its employees at its property simply because Ms. Price is an independent contractor. While the parties dispute whether Ms. Lockhart pled a vicarious liability theory against Western & Southern, that issue was not raised

on summary judgment and is beyond the scope of the limited function of a motion to reconsider. If need be, Western & Southern can raise the issue *in limine* before trial, after the benefit of full briefing and following the Indiana Supreme Court's decision on the certified questions, should it choose to accept them.

### B.  Wording of Certified Questions

Western & Southern argues that if the Court reconsiders the issue of vicarious liability, it should reword the certified questions to "limit the issue presented to the facts of this case and to define who is the responsible party." [Dkts. 146; 151 at 7.] Because the Court has denied Western & Southern's request to substantively address vicarious liability at this time, it likewise denies Western & Southern's request to reword the certified questions on that basis. The Court does grant Western & Southern's request to reword the first and second questions to clarify that they are asked in the context of a negligent infliction of emotional distress claim. Other than that limited clarification, as the Court noted in its opinion, if the Indiana Supreme Court accepts any of the certified questions, "it can, of course, reword the questions as it sees fit." [Dkt. 143 at 26 (citing *Green v. Ford Motor Co.*, 942 N.E.2d 791, 796 (Ind. 2011) (revising and restating certified questions)).]

Finally, the Court notes that Ms. Price asks that she be referred to in the second certified question as an "observer" not a "tester" because she did not actually perform the testing on the urine sample. [Dkt. 150 at 3.] The Court will modify that second certified question to address Ms. Price's concern, and an Amended Order of Certification will be issued reflecting the Court's changes.

## IV.
### CONCLUSION

The Court **GRANTS IN PART** Western & Southern's Motion for Reconsideration, [dkt. 145], to the extent that the Court addressed arguments presented therein and modified two of the certified questions, but **DENIES** the motion to the extent that Western & Southern seeks a ruling on any issue of vicarious liability at this time.  An Amended Order of Certification will be issued reflecting the Court's changes to the certified questions.  As the Court noted in its summary judgment order, the Indiana Supreme Court can, of course, further reword the questions as it sees fit.

12/05/2012

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

D. Faye Caldwell
CALDWELL EVERSON PLLC
fcaldwell@caldwellclinton.com

Douglas A. Enloe
GOSNELL BORDEN ENLOE & SLOSS, LTD
gbes@gbeslaw.com

Derek W. McCullough
GOSNELL, BORDEN ENLOE, SLOSS, & MCCULLOUGH, LTD.
gbes@gbeslaw.com

- 7 -

Richard L. Moore
FROST BROWN TODD LLC
rlmoore@fbtlaw.com

Kyle T. Ring
WILLIAMS LAW FIRM
kyle@williamsinjurylaw.com

Sharon L. Stanzione
JOHNSON & BELL, LTD.
stanziones@jbltd.com

Stephen L. Williams
WILLIAMS LAW FIRM
steve@williamsinjurylaw.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com